Vaughn C. Williams (VW 7990)
Stephanie J. Kamerow (SK 6921)
Michael Ridgway Jones (MJ 9200)
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for Defendant Mehret Mandefro

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| **PURELAND PICTURES, INC.,** | : |  |
|  | : |  |
| **Plaintiff,** | : | 07 Civ. 10448 (LAP) |
| v. | : |  |
| **MEHRET MANDEFRO,** | : | ECF Case |
|  | : | **Electronically Filed** |
| **Defendant.** | : | **ANSWER** |
|  | : |  |
|  | : |  |

---

Defendant Mehret Mandefro, by and through her undersigned counsel, hereby answers the Complaint of Plaintiff Pureland Pictures, Inc. ("Pureland") as follows:

**Nature of the Action**

1. Defendant denies the allegations of paragraph 1 of the Complaint, except admits that Pureland is the plaintiff herein, and Dr, Mandefro, a Harvard-trained physician has been named as the defendant.

2. Defendant states that the allegations of paragraph 2 of the Complaint are descriptions of the claims asserted by plaintiff in this action as to which no responsive pleading is required.

### The Parties

3.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the Complaint and therefore denies the same.

4.  Defendant admits the allegations of paragraph 4 of the Complaint.

### Jurisdiction and Venue

5.  Defendant admits the allegations of paragraph 5 of the Complaint.

6.  Defendant admits the allegations of paragraph 6 of the Complaint for jurisdictional purposes only.

7.  Defendant admits the allegations of paragraph 7 of the Complaint.

### Background

8.  Defendant admits the allegations of paragraph 8 of the Complaint.

9.  Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of the first and second sentences of paragraph 13 of the Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the third and fourth sentences of paragraph 13 of the Complaint and therefore denies the same.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15.     Defendant denies the allegations of paragraph 15 of the Complaint, except admits that Pureland presented Defendant with the document attached as Exhibit A to the Complaint.

16.     Defendant denies the allegations of paragraph 16 of the Complaint, except admits that she signed the document attached as Exhibit A to the Complaint and refers to that document for the true and correct contents thereof.

17.     Defendant denies the allegations of paragraph 17 of the Complaint and refers to the document attached as Exhibit A to the Complaint for the true and correct contents thereof.

18.     Defendant admits the allegations of paragraph 18 of the Complaint, except denies that she agreed to or authorized the inclusion in the Film of each and every instance filmed by Pureland.

19.     Defendant denies the allegations of paragraph 19 of the Complaint.

20.     Defendant denies the allegations of paragraph 20 of the Complaint, except admits that the filming included Defendant's treatment of her patients and Defendant's trip to Ethiopia as a part of her residency.

21.     Defendant denies the allegations of paragraph 21 of the Complaint.

22.     Defendant denies the allegations of paragraph 22 of the Complaint.

23.     Defendant denies the allegations of paragraph 23 of the Complaint, except admits that during Defendant's counseling sessions with her patients, they stated that their partners had not always used condoms and that they did not feel comfortable insisting on condom usage.

24.     Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of the first two sentences of paragraph 25 of the Complaint. With respect to the third sentence of paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient as to the truth or falsity of the allegations contained therein and therefore denies the same.

26. Defendant denies the allegations of paragraph 26 of the Complaint, except admits that her former boyfriend was neither a medical worker nor an HIV patient.

27. Defendant admits that Ms. Abt filmed Defendant in certain settings outside of the medical field, except denies that Defendant consented to or authorized the inclusion in the Film of each and every such scene. Defendant denies the remaining allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint, except admits that she has focused her career on preventing the spread of HIV in the African-American community.

29. Defendant denies the allegations of the first sentence of paragraph 29 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second and third sentences of paragraph 29 of the Complaint and therefore denies the same.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 31 of the Complaint and therefore denies the same. Defendant denies the remaining allegations of paragraph 31 of the Complaint, except admits that Ms. Abt sent to defendant an e-mail

concerning the contents of the film, and refers to the e-mail for the true and correct contents thereof.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint and therefore denies the same.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint, except admits that her counsel sent Pureland a cease and desist letter on October 22, 2007 and refers to that letter for the true and correct contents thereof.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint, except refers to the contents of the cease and desist letter for the true and correct contents thereof.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

## FIRST CLAIM
### (For Declaratory Judgment)

39. Defendant repeats and realleges her responses to the allegations of paragraphs 1-38 of the Complaint as if fully set forth herein.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant admits the allegations of the second sentence of paragraph 41 of the Complaint. Defendant denies the allegations of the first sentence of paragraph 41 of the Complaint and states that the allegations of the third sentence of paragraph 41 of the complaint are legal conclusions to which no response is required.

5

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint, except admits that the parties reached an oral agreement in 2004.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of the first sentence of paragraph 45. Defendant further states that the allegations of the second sentence of paragraph 45 are legal conclusions to which no response is required.

46. Defendant states that the allegation of paragraph 46 is a legal conclusion to which no response is required.

47. Defendant denies the allegations of paragraph 47 of the Complaint and further states that paragraph 47 purports to set forth the relief requested in the Complaint and that therefore no response is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

Dated: February 13, 2008
New York, New York

> Vaughn C. Williams (VW 7990)
> Stephanie J. Kamerow (SK 6921)
> Michael Ridgway Jones (MJ 9200)
> Four Times Square
> New York, New York 10036-6522
> (212) 735-3000
>
> By: /s/ Stephanie J. Kamerow
> Stephanie J. Kamerow
>
> Attorneys for Defendant Mehret Mandefro

756671-New York Server 1A - MSW