UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ )   07 CV 10448 (LAP)
PURELAND PICTURES, INC.                                  )
                                                                              )
                Plaintiff,                                            )   **PLAINTIFF'S ANSWER**
                                                                              )   **AND AFFIRMATIVE**
   v.                                                                     )   **DEFENSES TO**
                                                                              )   **DEFENDANT'S**
MEHRET MANDEFRO, M.D.                             )   **COUNTERCLAIMS**
                                                                              )
                Defendant.                                        )
------------------------------------------------------------ )

      Plaintiff Pureland Pictures, Inc. ("Pureland"), for its answer and affirmative defenses to Defendant's Counterclaims, states as follows:

      1.     Pureland denies the allegations in Paragraph 1 of the Counterclaims, except admits that Dr. Mandefro purports to bring this action in the manner described in the Counterclaims.

      2.     Pureland denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Counterclaims, except, upon information and belief, admits that Dr. Mandefro is an Ethiopian-born, Harvard-trained physician.

      3.     Pureland admits, on information and belief, the allegations in Paragraph 3 of the Counterclaims.

      4.     Pureland denies the allegations of Paragraph 4 of the Counterclaims, except admits, upon information and belief, that Dr. Mandefro was completing her internal medicine residency at Montefiore Medical Center ("Montefiore") in the South Bronx during some parts of the creation of the Film.

      5.     Pureland admits the allegations of the first sentence of Paragraph 5 of the Counterclaims.  Pureland denies the allegations of the second sentence of Paragraph 5 of

the Counterclaims, except admits that Emily Abt is the founder of Pureland and admits that Pureland is owned by Ms. Abt.

6. Pureland admits, upon information and belief, the allegations of Paragraph 6 of the Counterclaims.

7. Pureland admits the allegations in Paragraph 7 of the Counterclaims.

8. Pureland admits the allegations in Paragraph 8 of the Counterclaims.

9. Pureland admits the allegations in Paragraph 9 of the Counterclaims.

10. Pureland denies the allegations in the first sentence of Paragraph 10 of the Counterclaims, except admits that Ms. Abt and Dr. Mandefro spoke numerous times over the course of the summer of 2004 about making a film about Dr. Mandefro. Pureland denies knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 10 of the Counterclaims, except admits that Ms. Abt and Dr. Mandefro were friends at this time.

11. Pureland denies the allegations in Paragraph 11 of the Counterclaims.

12. Pureland denies the allegations in Paragraph 12 of the Counterclaims.

13. Pureland denies the allegations in Paragraph 13 of the Counterclaims.

14. Pureland denies the allegations in the first sentence of Paragraph 14 of the Counterclaims, except admits that Dr. Mandefro and Ms. Abt met with Dr. Peter Selwyn to discuss the Film and obtain permission to begin filming at Montefiore and to film Montefiore patients. Pureland denies the allegations in the second sentence of Paragraph 14 of the Counterclaims, except admits that Ms. Abt represented to Dr. Selwyn that the Film could be used for educational purposes.

15. Pureland denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Counterclaims, except admits that Dr. Selwyn approved of filming at Montefiore.

16. Pureland denies the allegations in Paragraph 16 of the Counterclaims.

17. Pureland denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Counterclaims.

18. Pureland denies the allegations in the first sentence of Paragraph 18 of the Counterclaims, except admits that Dr. Mandefro enlisted a number of her teachers and mentors to serve on the Film's advisory board. Pureland admits the allegations in the second sentence of Paragraph 18 of the Counterclaims.

19. Pureland denies the allegations in Paragraph 19 of the Counterclaims.

20. Pureland admits the allegations in Paragraph 20 of the Counterclaims.

21. Pureland denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Counterclaims.

22. Pureland admits the allegations in Paragraph 22 of the Counterclaims.

23. Pureland denies the allegations in Paragraph 23 of the Counterclaims, except admits that Dr. Mandefro suggested some scenes to be filmed, selected some of the individuals to be filmed, arranged some of the specific shoots, and engaged the scholars who were interviewed for the Film.

24. Pureland denies the allegations in Paragraph 24 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the basis for the scholars and advisors agreeing to participate in the Film.

25. Pureland denies the allegations in Paragraph 25 of the Counterclaims.

26. Pureland denies the allegations in Paragraph 26 of the Complaint, except admits that Ms. Abt presented Dr. Mandefro with a document entitled "Appearance Release" (the "Release").

27. Pureland denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Counterclaims, except admits that Dr. Mandefro signed the Release.

28. Pureland denies the allegations in Paragraph 28 of the Counterclaims to the extent that they purport to state a legal conclusion which does not require an answer, and to the extent an answer is required, Pureland denies the allegations in Paragraph 26 of the Counterclaims.

29. Pureland denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Counterclaims, except admits the allegations in the first two sentences of Paragraph 29 of the Counterclaims.

30. Pureland denies the allegations in Paragraph 30 of the Counterclaims, except Pureland denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 30 of the Counterclaims, admits that Dr. Mandefro raised an issue with Ms. Abt and Ms. Goldberg of removing some footage containing Ms. Stanley, and admits that Pureland did not include in the Film the footage that Ms. Stanley asked Pureland to remove.

31. Pureland denies the allegations in Paragraph 31, except admits that Ms. Abt and Ms. Goldberg repeated a promise to Ms. Stanley not to include a scene which she requested Pureland not use, admits that Ms. Stanley's home health aide was also present on this occasion, and admits that Pureland sent a letter to the Film's former and

4

current advisors, including Dr. Selwyn, which stated that "we gave Tara our word that the specific footage that bothered her would not make it into the final cut of the film, and we honored that word."

32. Pureland denies the allegations in Paragraph 32 of the Counterclaims, except admits that the current version of the Film has been shown to selection committees of several film festivals and to a general audience at at least one such film festival.

33. Pureland denies the allegations in Paragraph 33 of the Counterclaims, except admits that in early 2006, Dr. Mandefro invited several of her friends, including fellow Montefiore residents, to participate in a "Truth Circle" in her home and admits that Ms. Abt was also invited to participate.

34. Pureland denies the allegations in Paragraph 34 of the Counterclaims, except admits that the participants agreed to be filmed and admits that Ms. Abt provided the footage she proposed to include to each participant.

35. Pureland denies that Ms. Abt agreed to the condition described in the first sentence of Paragraph 35 of the Counterclaims, and admits the remaining allegations in Paragraph 35, except denies that more than two women shared rape histories.

36. Pureland denies the allegations in Paragraph 36 of the Counterclaims, except Pureland denies information and knowledge sufficient to form a belief as to the third sentence of Paragraph 36 of the Counterclaims.

37. Pureland denies the allegations in Paragraph 37 of the Counterclaims.

38. Pureland denies the allegations in Paragraph 38 of the Counterclaims.

39. Pureland denies the allegations in Paragraph 39 of the Counterclaims.

40. Pureland admits the allegations in Paragraph 40 of the Counterclaims.

41. Pureland admits the allegations in Paragraph 41 of the Counterclaims.

42. Pureland denies the allegations in Paragraph 42 of the Counterclaims.

43. Pureland denies knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 43 of the Counterclaims, and Pureland denies the remaining allegations in Paragraph 43 of the Counterclaims.

44. Pureland denies the allegations in Paragraph 44 of the Counterclaims.

45. Pureland denies the allegations in Paragraph 45 of the Counterclaims, except admits that the Film was promoted within the Ethiopian-American community and admits that the Ethiopian ambassador to the United States was present at a screening of the Film's trailer in Washington, D.C. where Dr. Mandefro spoke on a panel about her work.

46. Pureland denies the allegations in Paragraph 46 of the Counterclaims.

47. Pureland denies the allegations in Paragraph 47 of the Counterclaims.

48. Pureland denies the allegations in Paragraph 48 of the Counterclaims.

49. Pureland denies the allegations in Paragraph 49 of the Counterclaims, except admits that Dr. Mandefro asked Pureland to make the Film available in connection with her final residency presentation in June 2007.

50. Pureland denies the allegations in Paragraph 50 of the Counterclaims, except admits that, in early 2007, Dr. Mandefro requested a meeting between herself and Dr. Silva and Ms. Abt and Ms. Goldberg, and admits that Ms. Goldberg met with Dr. Mandefro and Dr. Silva.

51.     Pureland denies the allegations in Paragraph 51 of the Counterclaims, except admits that Ms. Goldberg told Dr. Mandefro and Dr. Silva that their approval of the film was in no way necessary.

52.     Pureland denies the allegations in Paragraph 52 of the Counterclaims, except admits that Ms. Goldberg told Dr. Mandefro and Dr. Silva that their approval of the Film was in no way necessary.

53.     Pureland denies the allegations in Paragraph 53 of the Counterclaims.

54.     Pureland denies the allegations in Paragraph 54 of the Counterclaims, except admits that, at a meeting in May 2007, attended by Ms. Abt, Ms. Goldberg, the editor of the Film, Dr. Mandefro, and Dr. Silva, Dr. Mandefro expressed concerns about the Film.

55.     Pureland denies the allegations in Paragraph 55 of the Counterclaims.

56.     Pureland denies the allegations in Paragraph 56 of the Counterclaims.

57.     Pureland denies the allegations in Paragraph 57 of the Counterclaims.

58.     Pureland denies the allegations in Paragraph 58 of the Counterclaims, except admits that the editor of the Film stopped working on the Film shortly before giving birth to her child.

59.     Pureland admits the allegations in Paragraph 59 of the Counterclaims.

60.     Pureland admits the allegations in Paragraph 60 of the Counterclaims.

61.     Pureland denies the allegations in Paragraph 61 of the Counterclaims, except admits that a great deal of footage that was shot was not included in the Film.

62. Pureland denies the allegations in Paragraph 58 of the Counterclaims, except admits that Pureland has submitted the Film to a number of U.S. and non-U.S. film festivals and has promoted the Film in that connection.

63. Pureland admits the allegations in Paragraph 63 of the Counterclaims.

64. Pureland admits the allegations in Paragraph 64 of the Counterclaims.

65. Pureland denies that the Film was submitted to, rejected by, accepted by, and shown at film festivals without Dr. Mandefro's knowledge and Pureland denies that Dr. Mandefro had the ability or right to "authorize" any such act.

66. Pureland denies the allegations in Paragraph 66 of the Counterclaims.

67. Pureland admits the allegations in Paragraph 67 of the Counterclaims.

68. Pureland denies the allegations in Paragraph 68 of the Counterclaims.

69. Pureland denies the allegations in Paragraph 69 of the Counterclaims.

70. Pureland denies the allegations in Paragraph 70 of the Counterclaims.

71. Pureland denies the allegations in Paragraph 71 of the Counterclaims.

72. Pureland denies the allegations in Paragraph 72 of the Counterclaims.

73. With respect to each and every allegation of Paragraphs 73 through 79 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 72 of its Answer.

74. Pureland denies the allegations in Paragraph 74 of the Counterclaims.

75. Pureland denies the allegations in Paragraph 75 of the Counterclaims.

76. Pureland denies the allegations in Paragraph 76 of the Counterclaims.

77. Pureland denies the allegations in Paragraph 77 of the Counterclaims.

78. The allegations in Paragraph 78 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

79. The allegations in Paragraph 78 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except that Pureland admits that Dr. Mandefro purports to assert equitable rights and to request equitable relief.

80. With respect to each and every allegation of Paragraphs 80 through 83 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 79 of its Answer.

81. The allegations in Paragraph 81 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

82. Pureland denies the allegations in Paragraph 82 of the Counterclaims.

83. The allegations in Paragraph 83 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

84. With respect to each and every allegation of Paragraphs 84 through 88 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 83 of its Answer.

85. The allegations in Paragraph 85 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except that Pureland admits that its use of Dr. Mandefro's name and likeness in the Film and in connection with its promotion was done, in part, in the State of New York.

86. The allegations in Paragraph 86 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

87. Pureland denies the allegations in Paragraph 87 of the Counterclaims.

88. The allegations in Paragraph 88 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except admits that Dr. Mandefro has purported to assert equitable rights.

89. With respect to each and every allegation of Paragraphs 89 through 95 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 88 of its Answer.

90. The allegations in Paragraph 90 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

91. The allegations in Paragraph 91 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

92. The allegations in Paragraph 92 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

93. The allegations in Paragraph 93 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

94. The allegations in Paragraph 94 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

95. The allegations in Paragraph 95 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except that Pureland admits that Dr. Mandefro has purported to assert equitable rights and to request equitable relief.

96. With respect to each and every allegation of Paragraphs 96 through 100 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 95 of its Answer.

97. Pureland denies the allegations in Paragraph 97 of the Counterclaims.

98. The allegations in Paragraph 98 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

99. The allegations in Paragraph 99 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

100. The allegations in Paragraph 100 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except that Pureland admits that Dr. Mandefro has purported to assert equitable rights and to request equitable relief.

101. With respect to each and every allegation of Paragraphs 101 through 106 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 100 of its Answer.

102. The allegations in Paragraph 102 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

103. The allegations in Paragraph 103 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

104. Pureland denies the allegations in Paragraph 104 of the Counterclaims.

105. The allegations in Paragraph 105 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

106. The allegations in Paragraph 106 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except that Pureland admits that Dr. Mandefro has purported to assert equitable rights and to request equitable relief.

107. With respect to each and every allegation of Paragraphs 107 through 110 of the Complaint, Pureland repeats and realleges Paragraphs 1 through 106 of its Answer.

108. The allegations in Paragraph 108 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis.

109. The allegations in Paragraph 109 of the Counterclaims purport to state legal conclusions as to which no response is required, and therefore are denied on that basis, except that Pureland admits that Dr. Mandefro has purported to assert equitable rights.

110. Pureland denies the allegations in Paragraph 110 of the Counterclaims that Pureland has received or obtained any profits from exploitation of the Film, and admits that Dr. Mandefro has purported to assert equitable rights and to request equitable relief.

Pureland denies all allegations not specifically admitted herein, and it further pleads the following affirmative defenses:

**FIRST DEFENSE**

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the terms of the Appearance Release dated May 5, 2005 between Pureland Pictures, Inc. and Dr. Mandefro, including but not limited to the provision that "I expressly waive any and all equitable rights I may have hereunder, including but not limited to any right to enjoin, rescind, terminate or otherwise interfere with the production, distribution and/or exploitation of MEHRET or any other productions based thereon in whole or in part."

## SECOND DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred because Dr. Mandefro has not stated any claim upon which relief may be granted.

## THIRD DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred because the oral agreements alleged by Dr. Mandefro never existed.

## FOURTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the Statute of Frauds.

## FIFTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred because Dr. Mandefro provided consent, impliedly or expressly, to the actions taken as alleged in the Counterclaims.

## SIXTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the doctrine of estoppel.

## SEVENTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the doctrine of waiver.

### EIGHTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the doctrine of failure of consideration.

### NINTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the doctrine of release.

### TENTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred by the doctrine of laches.

### TWELFTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims that purports to sound in tort is barred because it simply restates the claim for breach of contract.

### THIRTEENTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred because Dr. Mandefro has not suffered any damages as a result of any of the events described in the Counterclaims.

**FOURTEENTH DEFENSE**

Each and every claim for relief in the Amended Answer and Counterclaims is barred because Dr. Mandefro's damages, if any, are speculative, and thus are not recoverable.

**FIFTEENTH DEFENSE**

Each and every claim for relief in the Amended Answer and Counterclaims is barred because if damages were sustained by Dr. Mandefro, such damages are attributable to Dr. Mandefro's own reckless, negligent or culpable conduct and Dr. Mandefro's claims are therefore barred by comparative and/or contributory negligence.

**SIXTEENTH DEFENSE**

Each and every claim for relief in the Amended Answer and Counterclaims is barred because Dr. Mandefro failed to act reasonably to mitigate damages, if any.

**SEVENTEENTH DEFENSE**

Each and every claim for relief in the Amended Answer and Counterclaims is barred because if damages were sustained by Dr. Mandefro, such damages must be offset by the value rendered to Dr. Mandefro by Pureland.

**EIGHTEENTH DEFENSE**

Each and every claim for relief in the Amended Answer and Counterclaims is barred because Pureland at all times acted in good faith.

15

## NINETEENTH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred because the Film has not been used for commercial benefit or for advertising or trade purposes.

## TWENTIETH DEFENSE

Each and every claim for relief in the Amended Answer and Counterclaims is barred because the Film is protected speech under the First Amendment of the United States Constitution.

## TWENTY-FIRST DEFENSE

To the extent that any claim in this action seeks exemplary or punitive damages, any such relief would violate statutory limitations to damages and/or Pureland's right to substantive and procedural due process under the Fourteenth Amendment of the United States Constitution.

## TWENTY-SECOND DEFENSE

Pureland asserts each and every defense available to it under applicable law. Pureland reserves the right to assert additional defenses.

## TWENTY-THIRD DEFENSE

Pureland states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Pureland reserves the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Pureland respectfully requests that the Court:

    (a)    Enter judgment dismissing the Counterclaims with prejudice;

    (b)    Award Pureland its costs and reasonable attorneys' fees; and

    (c)    Grant Pureland such other relief as the Court deems equitable and just.

Dated: New York, New York  
       April 7, 2008

Respectfully submitted,

PAUL, WEISS, RIFKIND,  
WHARTON & GARRISON LLP

By:   /s/ Darren W. Johnson

Darren W. Johnson  
1285 Avenue of the Americas  
New York, New York 10019-6064  
(212) 373-3000 telephone  
(212) 757-3990 facsimile

*Attorney for Plaintiff Pureland Pictures, Inc.*